1

2

3       O

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11   MARCOS XAVIER RAMIREZ,           )   Case No. CV 14-9364-PSG (KK)
                                      )
12              Petitioner,           )
                                      )
13          v.                        )       MEMORANDUM AND
                                      )      ORDER SUMMARILY
14   JACK FOX, Warden,                )      DISMISSING PETITION
                                      )
15              Respondent.           )
                                      )
16   _____ )

17                              **I.**

18                      **INTRODUCTION**

19       On December 4, 2014, petitioner Marcos Xavier Ramirez ("Petitioner"), a

20   federal prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a

21   Person in Federal Custody under 28 U.S.C. § 2241 ("Petition").  Petitioner

22   challenges his 1998 convictions for conspiracy to manufacture methamphetamine

23   and possession with intent to distribute methamphetamine.  Petition ("Pet.") (ECF

24   1) at 2.  Petitioner sustained his convictions in the United States District Court for

25   the District of Oregon ("District of Oregon").  Id.

26       Although not entirely clear, Petitioner appears to raise six grounds for relief.

27   Petitioner's Supplemental Brief in Support of Petition ("Supplement") (ECF 2).

28   Each of the six grounds are based on arguments related to Alleyne v. United States,

1   __ U.S. __, 133 S. Ct. 2151 (2013) in which the Supreme Court overruled its

2   previous decision in Harris v. United States, 536 U.S. 545, 122 S. Ct. 2406, 153 L.

3   Ed. 2d 524 (2002) and held any fact that increases the mandatory minimum

4   sentence for a crime is an element of the criminal offense that must be submitted to

5   the jury and proven beyond a reasonable doubt.

6         As Petitioner acknowledges, Petitioner filed a petition pursuant to 28 U.S.C.

7   § 2255 in the District of Oregon challenging the same 1998 convictions ("First

8   Petition"). See Pet. at 4. In the First Petition, Petitioner raised numerous

9   arguments, including an argument that his constitutional rights were violated when

10  the court sentenced him based on facts not proven to a jury beyond a reasonable

11  doubt. Supplement at 44, 64 (Table of Contents from Supplemental Brief and

12  Reply Brief in Support of First Petition). The First Petition was denied in

13  September 2007. See Pet. at 4.

14        As discussed below, the instant Petition, filed under section 2241, is actually

15  a "second or successive" section 2255 petition. Because Petitioner has not sought

16  and obtained permission from the appropriate Court of Appeals to file a second or

17  successive petition, this Court lacks jurisdiction and the Petition must be

18  dismissed.

19                                **II.**

20                           **DISCUSSION**

21        Challenges to the legality of a federal conviction or sentence generally must

22  be made in a motion to vacate sentence filed under 28 U.S.C. § 2255 in the

23  sentencing court, while challenges to the manner, location, or conditions of a

24  sentence's execution must be filed under 28 U.S.C. § 2241 in the custodial court.

25  See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000); Doganiere v.

26  United States, 914 F.2d 165, 169-70 (9th Cir. 1990), cert. denied, 499 U.S. 940

27

28                                  2

1   (1991).  Here, Petitioner does not purport to challenge "the manner, location, or

2   conditions" of the execution of his sentence.  Rather, Petitioner is contesting the

3   legality of his detention by contending the trial court erred in sentencing him, in

4   violation of the Supreme Court's holding in Alleyne.

5        As a general rule, "§ 2255 provides the exclusive procedural mechanism by

6   which a federal prisoner may test the legality of detention." Lorentsen v. Hood,

7   223 F.3d 950, 953 (9th Cir. 2000).  A petitioner is generally limited to one motion

8   under § 2255, and may not bring a "second or successive motion" unless it meets

9   the exacting standards of 28 U.S.C. § 2255(h).  United States v. Washington, 653

10   F.3d 1057, 1059 (9th Cir.2011).  Pursuant to section 2255(h):

11

12           A second or successive motion must be certified as

13        provided in [28 USC § 2244] by a panel of the appropriate court

14        of appeals to contain –

15           (1) newly discovered evidence that, if proven and viewed

16        in light of the evidence as a whole, would be sufficient to

17        establish by clear and convincing evidence that no reasonable

18        factfinder would have found the movant guilty of the offense; or

19           (2) a new rule of constitutional law, made retroactive to

20        cases on collateral review by the Supreme Court, that was

21        previously unavailable.  28 U.S.C. § 2255(h).

22

23        To avoid the prohibition against second or successive § 2255 petitions,

24   petitioners will often attempt to characterize their motions in a way that avoids the

25   requirements of § 2255(h).  See Washington, 653 F.3d at 1059.  For example,

26   petitioners will characterize their motions as petitions under section 2241, which a

27

28

1  petitioner is permitted to file without obtaining authorization from the court of

2  appeals.  Id.  However, a motion brought under section 2241 challenging the

3  legality of a sentence is only proper when section 2255 is "inadequate or

4  ineffective to test the legality of his detention."  28 U.S.C. § 2255.  This exception

5  has been referred to as the "savings clause" or "escape hatch."  Hernandez, 204

6  F.3d at 864 n.2.  The Ninth Circuit has held that a section 2241 petition may be

7  brought under the "savings clause" when a petitioner (1) makes a claim of actual

8  innocence, and (2) has not had an "unobstructed procedural shot" at presenting that

9  claim.  See Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008), cert. denied,

10  129 S. Ct. 254 (2008); Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

11       Here, Petitioner purports to be making an "actual innocence" claim based on

12  Alleyne.  However, the Ninth Circuit has held that a claim of actual innocence for

13  purposes of the escape hatch of § 2255 is tested by the standard articulated by the

14  Supreme Court in Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L.

15  Ed. 2d 828 (1998) – i.e., the petitioner "must demonstrate that, in light of all the

16  evidence, it is more likely than not that no reasonable juror would have convicted

17  him."  See Stephens, 464 F.3d at 898 (citing Bousley, 523 U.S. at 623); see also

18  Lorentsen, 223 F.3d at 954.  Here, Petitioner has not even purported to make the

19  requisite evidentiary showing he is "actually innocent" of conspiracy to

20  manufacture methamphetamine and possession with intent to distribute

21  methamphetamine.  Rather, at most, he is making a claim regarding the sufficiency

22  of evidence supporting the sentencing enhancements applied in his case.

23       Moreover, Petitioner has failed to meet his burden of showing he has been

24  denied an unobstructed procedural shot at presenting his actual innocence claim

25  based on Alleyne.  In Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003), cert.

26  denied, 540 U.S. 1051 (2003), the Ninth Circuit noted: "[I]t is not enough that the

27

28                                            4

1  petitioner is presently barred from raising his claim of innocence by motion under

2  § 2255.  He must never have had the opportunity to raise it by motion."  Thus, if

3  petitioner's actual innocence claim could have been raised during trial or on direct

4  appeal, or in a § 2255 motion prior to the lapse of the one year limitation period,

5  the fact that he may be procedurally barred from now raising it does not mean that

6  § 2255's remedy is "inadequate or ineffective."  See id.  Here, Petitioner did, in

7  fact, raise challenges to the evidence presented in support of the sentencing

8  enhancements in the First Petition.  Nor does it make any difference that petitioner

9  is now also basing his claim on Alleyne as the Ninth Circuit has recently held

10 Alleyne is not a "watershed" rule of criminal procedure and thus, it does not apply

11 retroactively.  Hughes v. United States, 770 F.3d 814, 818 (9th Cir. 2014).

12      For the foregoing reasons, the Court finds this case does not fall within the

13 scope of section 2255's "savings clause."  Thus, although filed under section 2241,

14 the instant action is properly construed as a section 2255 motion in disguise.

15 Because Petitioner previously filed a section 2255 motion and has not obtained

16 permission from the Court of Appeal to file a second or successive petition, this

17 Court lacks jurisdiction and the petition must be dismissed.

18                                **III.**

19                            **CONCLUSION**

20      Based upon the foregoing, this Court finds the instant petition to be properly

21 construed as a motion to vacate sentence filed under 28 U.S.C. § 2255.  Petitioner

22 has not sought and obtained permission from the appropriate Court of Appeals to

23 file a second or successive petition, thus, this Court lacks jurisdiction and the

24 petition must be dismissed.

25 ///

26

27

28                                5

1    IT IS THEREFORE ORDERED that Judgment be entered summarily

2 dismissing the Petition and this action with prejudice.

3

4

5

6 DATED: December 12, 2014

7    _____

8    HONORABLE PHILIP S. GUTIERREZ
     UNITED STATES DISTRICT JUDGE

9

10

11 Presented by:

12

13 _____

14 KENLY KIYA KATO
   UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                    6